ALEXANDER M. WALLACE, administrator of WM. WALLACE, deceased, *et al.,* plaintiffs in error, *vs.* W. A. WALKER, executor of WM. WALLACE, deceased, defendant in error.

Wm. Wallace died, in the State of Tennessee, the place of his domicil, leaving a will appointing an executor, who was duly qualified as such in the Probate Court of that State, and such executor filed an exemplified copy of his appointment in Court, as required by the Code, exhibited his bill against the defendant, who had been appointed administrator on the estate of the deceased by the Court of Ordinary of this State, and as such, had collected and received a portion of the personal estate of the deceased, alleging that said defendant represented to the Court of Ordinary at the time of his appointment, that the decedent had died *intestate* when he *knew* that he died leaving a will: *Held,* that a Court of Chancery in this State has jurisdiction to maintain a suit in behalf of such foreign executor, to set aside the letters of administration so granted, upon the ground of fraud in obtaining the same, and to require the defendant to account with, and pay over to such foreign executor, the value of the personal assets belonging to the estate of the decedent, in order that the same might be duly administered according to the directions of the will, and the law regulating the same, at the place of the testator's domicil, at the time of his death.

. Equity. Demurrer. Decided by Judge COLLIER. Fulton Superior Court. October Term, 1867.

In 1864 William Wallace was domiciled in Tennessee, and there died testate. By the will he bequeathed: 1st, To his wife such of the household and kitchen furniture as she might select, and certain lots of land, estimated at $1500.00, also "one thousand dollars out of the Southern money on hand" and the balance, and all other effects, or money on hand she was authorized to use for her support till an executor could take charge of his estate, and for the support of herself and family; she was to manage the whole estate until relieved by an executor. 2d, To Mary B. Robinson, his grand-daughter, $1000.00, in Knox County bonds $1000.00 in Confederate States seven per cent. bonds, and a set of silver spoons. 3d, To his son, Jesse G. Wallace, a tract of fifteen hundred acres of land, described by metes and bounds, and estimated at as many dollars. 4th, To his son, Wm. C. Wallace, three town lots, valued at fifteen hundred dollars, and charged with the payment of any debts for which testator was his security. 5th, To Mary B. Bicknell, his daughter, one set of silver spoons, and to her son, a gold watch, etc.

The remainder of his estate, real and personal, was to be divided between his wife, said Mrs. Bicknell, and the three sons of testator, to-wit: Alexander M., Jesse G., and William C., first charging them with certain advances, rated as therein specified. His executor was authorized to sell at public or private sale, in his discretion, without order of Court, etc. His negroes to be disposed of according to the laws existing at the time of distribution.

Item 9th, charged Jesse G.'s legacy with payment of any security debt for him for which testator was liable. Item 10th, provided for payment of his debts and funeral expenses out of any money that may be on hand.

The conclusion of the will is as follows: "Lastly I do nominate and appoint my son, J. G. Wallace, my executor, to execute this will, and I hereby direct that no bonds or security be required of him for the faithful discharge of his duties as such, and that he be allowed five hundred dollars for his services as such; but if, from the vissitudes of the

Wallace, adm'r, *vs.* Walker, ex'r.

war or from any other cause, my said executor shall find it impracticable to become executor, and attend to the duties thereof in a reasonable time, I appoint and direct my son, W. C. Wallace, to execute this, my will, under the same regulations as to bond and compensation as above; and should the said W. C. Wallace, from similar or any other cause, find it impracticable to execute this said will, in a reasonable time, in that event I nominate and appoint my wife, Mary S. T. Wallace, in conjunction with W. A. Walker, as executrix and executor of this, my last will and testament, and that they perform the duties thereof under the same rules and regulations as applied to my said sons as it regards executing bond and compensation, and that the said five hundred dollars be divided between them."

This will was executed 26th March, 1864. In July, 1864, it was duly probated, neither J. G. Wallace nor W. C. Wallace appeared for qualification as executor, the widow declined to qualify, and said W. A. Walker was duly qualified as executor.

Letters of executorship were issued to said Walker, and he took possession of the estate. The assets of the estate so far as the executor knows were certain notes on various persons for various amounts, set out in an exhibit, eight Knox county bonds, Knoxville & Chattanooga Railroad Company for $500.00 each, making $4000.00, four ditto for $100.00 each, and eight bonds Knoxville & Kentucky for $500.00 each, making a gross sum of $10,627.57.

The liabilities of the estate, as exhibited, were as follows:

| | |
|---|---:|
| J. M. Toole note to Henry Smith and Townsens | $4000.00 |
| "    "    to Gillespie, judgment | 425.00 |
| "    "    to Lackey | 1150.00 |
| J. G. Wallace to Brabsen | 825.00 |
| "    "    to Porter Academy | 150.00 |
| "    "    to J. G. Kerr, Sr | 460.00 |
| W. C. Wallace to Parson's, administrator | 575.00 |
| "    "    to A. M. Keith | 1400.00 |
| "    "    to McGehee | 850.00 |
| A. M. Wallace to Dr. G. Cameron | 750.00 |
| Years support to widow, and individual liabilities | 1000.00 |
| | $10,585.00 |

These liabilities are mainly as security for his said sons and his son-in-law Toole, named in said schedule. All the creditors reside in Tennessee, or elsewhere out of Georgia, and the condition of said sons and son-in-law is such that the executor must pay said liabilities.

The widow, as she had a right to do under the laws of Tennessee, dissented from said will, and was thereby entitled to dower and a distributive share, to-wit: one seventh of the personalty not required to pay debts. She had also $600.00 assigned to her for her year's support. Her dissent made, by said laws, the will void as to her, but left it of force as to all other persons.

By the laws of Tennessee real estate cannot be applied to the payment of debts till the personalty is exhausted, and the personalty of said estate is insufficient to discharge its liabilities, without using said Knox County bonds or their proceeds.

The heirs at law are said widow, said Jesse G., William C., and Alexander M., said Mary B. Bicknell, and the heirs of Martha J. Toole, deceased, and of Margaret A. Robinson, deceased, all of whom reside in Tennessee, except said Alexder M. Wallace. Before he died, testator left with John W. Duncan, in Atlanta, Georgia, for safe keeping, said Knox County bonds, Duncan then having a vault, and being a banker, and in the habit of receiving such things for accommodation, with no view to compensation or profit. So he received these bonds.

At the same time testator left with said Duncan, for safe keeping, some Confederate bonds and some other bonds belonging to the Female Institute at Marysville, Tennessee. These, like the others, Duncan was to keep, as a gratuity, for testator.

Duncan so held these bonds till after testator's death. Then said Alexander M. Wallace, residing in said Atlanta, though well knowing of said last will and testament, and that the testator died testate, in September, 1865, petitioned the Ordinary of Fulton County, Georgia, for temporary letters of administration on said testator's estate, stating in his

petition that said testator died intestate, and procured from the Ordinary of Fulton County permanent letters of administration on said estate, at November Term, 1865, of the Court of Ordinary.

John W. Duncan became security on said Alexander M. Wallace's bond, (which is in the usual form of administrator's bonds.)

Before becoming such security, Duncan had it understood with said Alexander M. Wallace, that Duncan should retain said Knox County bonds as indemnity against loss by reason of his suretiship aforesaid. In this way Duncan and Alexander M. Wallace have since had a sort of joint ownership of, or claim on said bonds, Wallace claiming them as such administrator and Duncan holding them for indemnity. Meanwhile Duncan and Alexander M. Wallace severed from said bonds coupons for the payment of interest, to the amount or value. of $1,000.00, and converted or attempted to convert the same to their own use; they still have said coupons or their proceeds. Besides those coupons, said bonds when they came to the hands of Duncan and said Alexander M. Wallace, had other coupons for interest attached to them. Those coupons then matured and those maturing up to the first of January, 1867, amounted to about $2,000.00, and these said Duncan and Alexander M. Wallace have converted to their own use, and no account of them has been rendered to the ordinary of Fulton County.

In October, 1866, and again in February, 1867, said executor demanded said bonds and coupons from Duncan and Alexder M. Wallace, and though they knew said testator died testate, that his will had been proven, and that said executor had letters of executorship, yet they refused to deliver any of them to him, and proceeded to deliver the same to the heirs at law of said testator, as if he had died intestate, to-wit: in March, 1867, giving to each of, said heirs (including Alexder M. Wallace) $1,000.00, making in all $7000.00. This proceeding was undertaken and hurried through to prevent said executor from getting said bonds, and applying them to

Wallace, adm'r, *vs.* Walker, ex'r.

the payment of said debts, and from administering them according to said will and the laws of Tennessee.

On the 29th of March, 1867, Alexander M. Wallace as such administrator made and filed with the ordinary of Fulton County the following return:

"Statement of receipts and disbursements of the estate of Wm. Wallace, deceased, by A. M. Wallace, administrator.

| RECEIPTS. | | DISBURSEMENTS. | |
|---|---|---|---|
| Eight bonds Knoxville & Kentucky R. R. Co., $500.00 each | $4000.00 | Acc't of Ordinary, Voucher No. 1 | $ 14.25 |
| Eight bonds Knoxville & Charleston R. R. R. Co., $500.00 each, | 4000.00 | J. W. Duncan, Voucher No. 2 | 150.00 |
| Four bonds Knoxville & Charleston R. R. Co., $100.00 each | 400.00 | L. J. Gartrell, Voucher No. 3 | 150.00 |
| | | Adm's. Com's., $7200 at 5 per ct., Voucher No. 4 | 360.00 |
| | | Ordinary dismissal, Voucher No. 5 | 25.00 |
| | | Stationery and stamps | 75 |
| | | | $700.00 |
| | | A. M. Wallace, two bonds K. & Ky. R. R. Co., $500.00 each | 1000.00 |
| | | S. T. Bicknell and Mary A. Bicknell, two bonds K. & Ky. R. R. Co., $500.00 each, Voucher No. 6 | 1000.00 |
| | | Jesse G. Wallace, two bonds K. & Ky. R. R. Co., 500.00 each, Voucher No. 7 | 1000.00 |
| | | W. C. Wallace, two bonds K. & Ky. R. R. Co., 500.00 each, Voucher No. 8 | 1000.00 |
| | | Mary T. Wallace, two bonds K. & Ky. R. R. Co., 500.00 each, Voucher No. 9 | 1000.00 |
| | | Heirs of Martha J. Toole, two bonds K. & Ky. R. R. Co., 500.00 each, Voucher No. 10 | 1000.00 |
| | | Margaret A. Robinson, two bonds K. & Ky. R. R., 500.00 each, Voucher No. 11 | 1000.00 |
| | | Proceeds of sale of $1,400 Knoxville & Charleston R. R. bonds | 700.00 |
| $8400.00 | | | $8400,00 |

ALEX. M. WALLACE,
Administrator of William Wallace, deceased.
Sworn to and subscribed before me, this March 29th, 1867,
DANIEL PITTMAN, Ordinary."

Wallace, adm'r, *vs.* Walker, èx'r.

Walker, executor, filed his bill in equity, in Fulton Superior Court against said Alexander M. Wallace, and John W. Duncan, averring the foregoing as facts.

That bill charged that said return was incorrect in every particular, except in so far as it charges Alexander M. Wallace with the bonds: incorrect, because it does not charge him with the coupons or the interest; because he had no right so to distribute the bonds and take credit thereby; because he had no right to charge said commissions and expenses of administration, he not being the administrator rightfully; because the estate owed Duncan nothing, and because the last item in the return is obscure and unintelligible, or if intelligible should be a debit against him, rather than a credit in his favor.    The bill further states that it is not known whether any of the bonds have been sold, and avers that if they have been, they should be accounted for at par; because said administration, taken out as aforesaid, is irregular and illegal, and nothing done under it binds the estate (except it be for the advantage of the estate, and be approved by the executor;) because they were sold without an order of Court, and not at public outcry, after advertisement according to law.    Complainant avers that said bonds are worth $12,000.00, or other large sum; one thousand dollars, of which under the will, belong and should by the executor be paid to Mary A. Robinson.

Discovery was waived.    The prayer was that the said administration be set aside; that said defendants be decreed to deliver to said executor said bonds and said coupons, that they may be taken to Tennessee to be administered according to the laws of that State, and according to said will; and that said defendants account and pay to said executor the full value of said bonds and coupons; for said purpose; and if necessary, said Wallace's letters of administrator be set aside as fraudulent.    It concluded with a prayer for general relief and for subpœna.

To this bill said defendants demurred on the grounds:

1st.  For that said W. A. Walker, by his own showing, is not the executor of the said W. Wallace, deceased, never

having been appointed such by the last will and testament of said deceased, nor legally appointed or qualified as such by any competent authority.

2d. For that, if complainant is such executor by said will, and by appointment and qualification in the State of Tennessee, as is claimed in said bill, yet he has no legal right to institute and maintain this suit.

3. For that there is no such authenticated exemplification of the will and the probate in Tennessee and appointment and qualification of complainant, as is required by law.

4. For that the bill on its face shows that the defendant has completed his administration, at least, that he has accounted and paid over all assets, under the direction of proper authority, and this, they are advised, is a conclusive settlement thereof, as to complainant.

5. For that said bill does not harmonize with the public policy which, *sub modo* and by comity only, allows foreign executors to sue in our courts, but is offensive in its charges against our courts.

6. For that said bill seeks, at the instance of a foreign executor, to take assets out of our jurisdiction, with both creditor and legatees or distributees our own citizens here, where the funds are secured; indeed, after distribution and at the instance of a party under no bonds, subjecting them to additional costs, and whether there is a will or not, identically the same individuals are entitled to the funds.

7. For that no foreign creditor has any right in our courts through the comity extended to foreign executors, etc., etc. These creditors rights are direct and absolute. Such bill being predicated solely on such basis, has no equity.

8. For that our courts will not notice, nor in any way inquire of, debts or assets in Tennessee, or the management of estates of decedents there, or their creditors there, and thus predicate rights and suits, or either, here.

9. For that many and various other reasons apparent on the face of the bill, deny to complainant the relief claimed, or any other relief.

The court below overruled said demurrer, and that is complained of here.

GARTRELL & JACKSON, W. H. SNEED, for plaintiff in error, cited Irwin's Rev. Code, sections 2414, 2573, 2576 as to suits by foreign executors, etc.   As to comity, Swift *vs.* Swift, 13th Ga. R., 144 ; Sanford, administrator *vs.* Thompson and wife, 18th Ga. R., 561; Willing *vs.* Pevot, 5th Rawle, 264.   Executor, etc., must sue where he gets his authority. S. W. R. R. Co. *vs.* Paulk, 24th Ga., 270.   Administrator can not be made to account as required by this bill, Dougherty *vs.* Walker, 15th Ga. R., 444.

JOHN L. HOPKINS and L. E. BLECKLEY, for defendant in error (represented by the Reporter) relied on the following points and authorities :

1. Personal property descends, and must be distributed according to the *lex domicilii*, (2 Kent 548) and if it be situated within a foreign jurisdiction, it will be surrendered for distribution.   3 Rawle, 319.   2 Kent 559 note, edition of 1867. 2 Red. on Wills 17, 18, 20. 11 New Hampshire 90-93.   18 Ga. 554.   34 Ga. 515.   Code 2578.   1 Mason 412.

There are no Georgia creditors : all the legatees and devisees reside in Tennessee, except plaintiff in error, Wallace ; and the assets in Georgia, are needed in Tennessee, to pay his debts, for which the testator was surety.

2. This administration is void. There cannot be an original administration when a will exists.   The right to the property is in the executor, and the ordinary cannot divest it by the grant of an original administration.   The executor is, for the purpose of administering them, as much the legal proprietor of those chattels as was the testator while alive.   8 Cranch 9.   14 Peters 329.   5 Pick 24.   Code 3513, 18 Ga., 176.   34 Ga., 257.

It is void for fraud : 9 Ga., 247, 547.   It may be set aside by this court, even if the ordinary had jurisdiction.   Code, 3514.

3. Defendant in error could file this bill.   Code, 2418.

In Tennessee, the only administration that could have been

19

"regular granted," (Code of Ga., 2571,) was one to the executor, or to an administrator with the will annexed; and such executor—there being no executor, or administrator with the will annexed, appointed in this State—could sue in our courts.

WARNER, C. J.

It appears from the record in this case, that William Wallace died in the State of Tennessee, after having executed a will, disposing of his property. The will was executed on the 26th day of March, 1864, and duly admitted to probate and record in the Probate Court of Tennessee, in July, 1864; and W. A. Walker, one of the executors appointed therein, was duly qualified as such executor to execute the same. At the November Term, 1865, of the Court of Ordinary, of Fulton county, in this State, Alexander M. Wallace, *knowing* that the testator had left a will in the State of Tennessee, (the place of his domicil at the time of his death,) representing to the Court, that the testator had died *intestate*, obtained letters of administration on the estate of said William Wallace, and proceeded to collect and dispose of the personal assets of the decedent, as such administrator, in this State. The executor of William Wallace filed his bill in the Superior Court of Fulton county, (exhibiting therewith a certified copy of the will and his appointment by the Probate Court of Tennessee, as required by the Code,) against Alexander M. Wallace, as administrator aforesaid, and John W. Duncan, his security, praying that said letters of administration may be set aside as *fraudulent,* upon the several grounds alleged and set forth in the bill, and the defendants may account for the personal assets of the testator received by them, and be decreed to pay over to him the value thereof, as the executor of the testator, in order that the same may be disposed by him in accordance with the provisions and directions of the last will and and testament of the deceased.

To this bill the defendants demurred upon the several grounds set forth in the record. The Court below overruled the demurrer, to which decision the defendants excepted, and assigned the same as error here.

Wallace, adm'r, *vs.* Walker, ex'r.

As it regards the objection taken to the legality of the appointment of the executor by the Probate Court of Tennessee, as well as to the regularity of the proceedings of that Court in relation thereto, the legal presumption is in favor of the legality and regularity of the proceedings of that Court. Revised Code, sections 3700, 3710. Taking the several allegations in the complainant's bill to be true, as the demurrer necessarily admits them to be, for the purpose of this decision, the main and controlling question in the case is, whether the grant of administration by the Court of Ordinary of Fulton county, under which the defendants claim protection, was not obtained by *fraud*, and therefore ought to be set aside? What are the facts? The defendant, Wallace, it is charged, applied to the ordinary for letters of administration on the estate of the deceased testator, representing to that Court that he died *intestate*, when he *knew* at the time that he died *leaving a will*. The letters of administration were granted to him by the Court of Ordinary upon this *false* and *fraudulent* representation of the facts of the case. The record shows that William Wallace did *not* die intestate, but on the contrary he died *leaving a will*, and that Wallace, the defendant, *knew* it at the time he applied for and obtained his letters of administration on the decedent's estate. Has a Court of Equity in this State jurisdiction to set aside the letters of administration so procured by fraud, and to require the defendants to account with and pay over to the lawful executor the personal assets of the testator received by them or either of them, to be applied by the executor under the will, in accordance with the law of the testator's domicil at the time of his death? By the 2414th section of the Revised Code, it is declared that " executors qualified according to the laws of their domicil upon wills properly admitted to probate in another State, upon filing with the Court a certified copy of such proceedings, shall be entitled to use all the processes and *remedies* prescribed by the laws of this State, in the same manner as if qualified under the laws of this State." This section of the Code gives the foreign executor the right to file his bill in the Courts of this

State against the defendants, and it is no breach of *comity* for him to do so. The 3537th section of the Revised Code declares that "The judgment of a Court of competent jurisdiction may be set aside by a decree in chancery for *fraud*, accident or mistake, or *the acts of the adverse party*, unmixed with the negligence or fault of the complainant." This judgment of the Court of Ordinary granting the letters of administration to the defendant, Wallace, the complainant seeks to set aside upon the ground that, by his own act, he fraudulently represented to the Court that the deceased testator died *intestate*, when he *knew* the fact to be otherwise, and by that means *fraudulently* procured the judgment of the Court in his favor. In such cases this Court has maintained the jurisdiction of a Court of Chancery to set aside the judgment. Mobly vs. Mobly, 9th Ga. Rep., 247 ; Loyless and wife, vs. Rhodes, ib., 547. This view of the main question involved in this case necessarily disposes of all the other questions made by the demurrer.

It has been insisted by the counsel for the defendant in error, that the grant of administration to Wallace was *void,* because there had been a *prior* grant of letters testamentary upon the decedent's estate, in the State of Tennessee. When letters testamentary or of administration have once been granted upon a decedent's estate in the proper Court in this State, and subsequent letters are taken out here upon the same estate, there can be no doubt that the latter would be void; but when letters testamentary or of administration have been granted by a Court in a *foreign jurisdiction,* a different question is presented, upon which we express no opinion. In our judgment, upon the state of facts presented by the record in this case, the demurrer was properly overruled by the Court below.

Judgment affirmed.