## PASS *v.* PASS *et al.*

1. A discharge obtained by an executor by means of a fraud practiced upon the legatees or the ordinary is void; and while it may be set aside on motion in the court of ordinary upon proof of the fraud, it may also be collaterally attacked as a nullity by an equitable petition in the superior court.
2. The court erred in sustaining the demurrer to the plaintiff's declaration.

August 24, 1896.

Equitable petition. Before Judge Kimsey. Hall superior court. July term, 1895.

A general demurrer to the petition of R. H. Pass against Aaron Pass and A. D. Candler was sustained, and plaintiffs excepted. It appears, that Jordan Whelchel left a will dated July 20, 1880, in which he bequeathed to his sister lots of land 147 and 148 in the 10th district of Hall county, during her life or widowhood, with remainder in fee to her children, nephews and nieces of testator, in equal shares. By another item he gave the residue of his estate, real and personal, subject to the payment of his debts, expenses of last sickness and of funeral and monument, to said nephews and nieces, five in number, including Richard Pass, Aaron Pass and John Marion Pass; and the last two were appointed executors, with the requirement that upon the qualification of each he give bond and security as in cases of administrators. On October 1, 1895, Aaron Pass as principal and A. D. Candler as security executed a bond to the ordinary in the sum of $18,000, conditioned to be void if Aaron Pass, executor, do make a true and perfect inventory of all the estate of Jordan Whelchel deceased, which has or shall come into his hands, possession or knowledge as executor, or of any person for him, and the same so made shall exhibit to the ordinary when he shall be hereunto requested, and such goods, credits, lands and tenements shall well and truly administer according to law,

and shall make a just and true account of his actings and doings according to law when he shall be thereunto required by the court, and the balance shall deliver and pay to such person or persons as are or may be entitled to the same by law, etc.    Plaintiff alleges, that Aaron Pass, executor, has not made a true and perfect inventory of all the estate of said deceased that came into his hands, and exhibited the same to the ordinary as required by law; nor has he well and truly administered the same according to law; nor has he made a just and true account of his actings and doings according to law; nor has he delivered and paid to the persons who are entitled to the same under the will, and as under the law he should have done.    He failed to make any inventory or any return of, or to account for, one third interest in lots of land 136, 137 and 125 in the 10th district of Hall county, of the value of $550, and a number of notes on sundry persons (giving the names and amounts), aggregating $2,157.23, and including one for $800 on Mrs. Aaron Pass, wife of the executor; all of which were or should have been collected by him.    The note on his wife was well secured by a deed to a valuable piece of land, and no part of said claim has at any time been accounted for, and is now or should be in the hands of said executor.    On or about May 6, 1890, plaintiff with the other legatees under the will had a settlement with the executor upon the basis of $6,824.80, said executor fraudulently representing said amount to be the net sum of said estate, concealing the true condition and net amount for distribution among the legatees.    The true amount that should have been accounted for and distributed among the legatees at that time was not less than $9,000; which true condition was so kept concealed and hidden by the executors from plaintiff that it was impossible for him to find out and know, nor did he find out and know, of the fraud attempted to be perpetrated upon him for a long time afterwards.    The executors having taken receipts in full

from the legatees at the time of said settlement, when they found out of the fraud and tried to get them to correct it and to settle the estate justly, they refused to do so, saying they had receipts in full and had been discharged from the trust by a judgment of the ordinary, and that the settlement made must stand and be conclusive.   On the —— day of ——, the executors procured a judgment of the ordinary, discharging, exonerating and dismissing them from the administration of said estate; but said discharge was procured by fraud.   The executors represented to the ordinary that they had well and truly administered the estate, that they had settled honestly and truly with the legatees.   They fraudulently concealed from the ordinary at the time of said discharge that Aaron Pass, one of the executors, was concealing a debt owed by his wife to the estate of $800; that he had at that time collected $500 as interest on notes belonging to the estate, which he concealed from the ordinary and never mentioned, and the other large sum of money collected by him as before mentioned was concealed and not made known at the time of said discharge; which fraudulent representation and concealment of the true facts was in law and morals a fraud perpetrated upon the ordinary at the time of said discharge, and if allowed to stand, would be a fraud upon the legatees entitled to the estate.   Plaintiff has purchased and owns the shares of two of the legatees named in the will, and is entitled to recover three fifths of the estate that is yet in the hands of Aaron Pass, one of the executors.   John Marion Pass, the other executor, has accounted for and paid over all of the estate that ever came into his hands as executor. Plaintiff prays, that the judgment of the ordinary, discharging Aaron Pass, executor, from the administration of the estate, be set aside and made void, or be treated as a nullity by the superior court, for the fraud in procuring the same; and that he be required by decree to make a fair, full and complete settlement of the estate, and to pay

to plaintiff whatever amount may be found justly due
and owing to him from the estate; and for general relief.

The petition was filed on November 21, 1894. The bill
of exceptions recites as special grounds of demurrer urged
at the trial, that the suit was barred, its object being to
set aside the judgment of the court of ordinary rendered
more than three years before; and that said judgment could
not be collaterally attacked and set aside in any court other
than that rendering it.

*James M. Towery*; for plaintiff.
*Perry & Craig*, for defendants.

SIMMONS, Chief Justice.

Whether a judgment can be attacked collaterally by a
party thereto as void because of fraud in its procurement,
is a question upon which courts have differed. (See Van
Fleet on Collateral Attack, §550 *et seq.*; Black, Judg-
ments, §§290, 170; Freeman, Judgments (ed. 1892), §336;
Stephen, Dig. Evidence, Art. 40; Taylor, Evidence,
§1713; Wharton, Evidence, §797.) As to a judgment
discharging an administrator, however, the question is set-
tled in this State by our code, which declares: "A dis-
charge obtained by the administrator by means of any fraud
practiced on the heirs or ordinary, is void, and may be set
aside on motion and proof of the fraud" (§2609); and "a
judgment that is void may be attacked in any court and
by anybody." (§3828.) "The judgment of a court hav-
ing no jurisdiction of the person and subject-matter, or
void for any other cause, is a mere nullity, and may be so
held in any court when it becomes material to the interest
of the parties to consider it." (§3594.) See also *Jacobs
v. Pou*, 18 *Ga.* 346, where is was said that a judgment by
a court of ordinary discharging an administrator could be
impeached in the superior court for fraud. The court
below in the present case erred, therefore, in holding that

the judgment discharging the administrator could not be impeached in the superior court.

Whether the three years limitation provided for by the act of 1876 (Code, §2914a), is applicable in a case of this character, is a question we are not required in this case to decide; for even if the limitation be applicable in such cases, the declaration does not on its face disclose that the action is barred. It appears that the action was filed in November, 1894, that the settlement with the heirs was had in 1890, and that between these dates the judgment discharging the adminstrator was rendered, and that the fraud was not discovered until after the judgment was rendered; but nothing further appears as to the time of its rendition or of the discovery of the fraud. Where it does not affirmatively appear upon the face of the declaration that the cause of action is barred by the statute of limitations, this defense cannot be made by a general demurrer setting up that the action is barred by the statute, but is matter for plea. *Stringer* v. *Stringer*, 93 *Ga.* 321; *Coney* v. *Horne, Ib.* 726.

. The declaration stated a cause of action, and the court below erred in sustaining the demurrer.

<em>Judgment reversed.</em>