POLLOCK *et al. v.* COX, ordinary, for use, etc.

1. A temporary administrator of one who had been an heir at law of another decedent is entitled to maintain an equitable petition to prevent insolvent persons who have in their possession the assets of such decedent's estate from wasting the same.
2. If an administrator obtain letters of dismission by practicing a fraud upon the ordinary, such a discharge is no bar to an action against him and the surety on his bond, at the instance of one entitled to receive from him a portion of the estate of his intestate.
3. Such an action is in no event too late if brought within three years from the date of the fraudulent discharge.
4. It is not a good defense to such an action that the estate of the plaintiff's intestate, who was an heir at law of the defendant's intestate, was unrepresented at the time the fraudulent discharge was obtained.
5. An adjudication that a given applicant for letters of administration upon the estate of a deceased person (the application, of course, being made by him in his individual capacity) was not, for reasons alleged in a caveat to his application, entitled to such letters, constitutes no estoppel against this same person in his capacity as administrator of an heir at law of the decedent upon whose estate he sought to administer.

Argued May 31, — Decided July 25, 1899.

Equitable petition. Before Judge Callaway. Burke superior court. September 1, 1898.

The ordinary of Burke county, suing for the use of J. W. Bates, temporary administrator of Alice V. Bates, brought his petition against Josiah Mac Pollock and Georgia McGregor, alleging: In 1891 Aurelia Pollock, of said county, died intestate, having and owning property consisting of a City of Augusta bond worth $1,000, a certificate of stock in the Georgia Railroad and Banking Company worth $600, and cattle, wagons, and household goods worth $200, and leaving as heirs at law her husband and two children, one of whom was said Alice. In May, 1894, after said Alice had died, Josiah Mac Pollock took out letters of administration on said Aurelia's estate, and gave as security on his bond (a copy of which is attached to the petition) said Georgia McGregor, the amount of the bond being $2,000; and, after qualifying as administrator, he falsely returned to the ordinary that the estate had no assets, and, contrary to his duty, failed to take possession of the assets, and has never paid over to the heirs of said

Alice, or accounted for, her third interest therein, and said third is now due petitioner as her administrator. In 1896, and before there was any administration on said Alice's estate, said Pollock, by falsely representing to the ordinary that he had fully administered the estate, procured an order discharging him as administrator; which order was void, because of the fraud so practiced. The failure to make due inventory of the estate, or to account for the same, was due to a scheme entered into between Pollock and his said security to allow the security to possess herself of the property, to the fraud and injury of petitioner, and constituted a breach of his bond, and rendered the principal and the security liable. By said breach petitioner has been damaged in the sum of $936, that being a third of the estate, with interest to date. Pollock is insolvent, and his said security has no property outside of that mentioned herein, except a life interest in certain land, which is not worth the amount due petitioner. Petitioner prayed for process, and that said Georgia be, until the termination of the case, enjoined from transferring the city bond and the stock certificate mentioned. The petition was presented and filed in February, 1898. The defendants demurred and answered, and the court, after hearing the case, overruled the demurrer and granted the injunction prayed for. To this the defendants excepted.

The grounds of the demurrer were: (1) This is a suit on an administrator's bond, in the nature of an action for damages; and no such suit can be maintained by a temporary administrator. (2) The petition has no prayer to set aside the judgment of discharge, for fraud or for any other cause. (3) There is no allegation that the claim was presented and demand for payment made within twelve months from the date of administration. (4) No breach of the bond is averred, and none can properly be averred where no notice of claim has been given to the administrator within the time prescribed by law. (5) Plaintiff obtained his letters of administration after the discharge of Pollock as administrator, and a suit can not be maintained for failing to settle with a party who had no legal existence. (6) Pollock's letters dismissory are a bar

to the suit, unless plaintiff avers and proves such acts of fraud as will relieve him from the bar of the statute. A general averment of fraud is insufficient. To avoid the bar plaintiff must aver that he was ignorant of the fraud during the pendency of the administration; he must aver the particular acts constituting the fraud, and must make it appear that the fraud was moral, and not merely legal fraud, and that he was without fault or negligence. (7) Such a suit can not be maintained on an unliquidated demand, nor until a judgment of devastavit has been obtained, and an entry of nulla bona made on the execution. (8) The suit is barred because more than five years have elapsed since the death of Mrs. Bates without an administration upon her estate; and it is too late to sue out letters of administration for the purpose of bringing suit. (9) The letters dismissory of Pollock are a judgment of a court of competent jurisdiction, and must be set aside by the court of ordinary before suit on the bond can be maintained.

The defendants set up that Aurelia Pollock made a gift to Georgia McGregor of the city bond and the stock certificate referred to in the petition, and that at the time of her death she had no property; also, that Bates was estopped from setting up the claim made in the petition, because the issue as to whether the property in question was at the time of her death the property of Aurelia Pollock had been adjudicated adversely to him, this question having been raised in the court of ordinary by a caveat interposed by Josiah Mac Pollock to his application for letters of administration upon her estate, and a judgment thereon having been rendered against him.

*John J. Jones & Son* and *Joseph R. Lamar*, for plaintiffs in error. *Robert O. Lovett*, contra.

FISH, J. 1. While the present action was brought in the name of Cox, ordinary, the real party at interest therein is J. W. Bates, as temporary administrator of Alice V. Bates, who seeks to hold the defendants liable upon a bond given to the ordinary. The petition filed by the plaintiff specifically alleges that these defendants are practically insolvent, and that, in order to render productive any judgment which may be obtained against

them, the necessity exists of enjoining them from fraudulently disposing of certain personalty in their hands derived from the estate of one Aurelia Pollock, from whom Alice V. Bates inherited one third of the property in question. Clearly, under the facts alleged, the plaintiff was entitled to invoke the equitable remedy of injunction as an incident to the more substantial relief sought. As to the authority of a temporary administrator to take all necessary steps looking to the collection and preservation of all personal assets of his intestate, see Civil Code, § 3361, and *Mason* v. *Atlanta Fire Co.*, 70 *Ga.* 604, and cases cited.

2, 3. It appears that one of the defendants, Josiah Mac Pollock, took out letters of administration on the estate of the said Aurelia Pollock, giving as security on his bond Georgia McGregor, the other party named as defendant in the plaintiff's petition. The charge is made therein that, colluding together, these defendants entered into a scheme whereby the said Georgia should set up the claim that she received as a gift from Aurelia Pollock, prior to the latter's death, all the property of which she was possessed; that in pursuance of this collusive scheme, Pollock, after qualifying as administrator, falsely made to the ordinary of the county a return showing that the estate he represented was without assets; and subsequently, by falsely representing to the ordinary that he had fully administered said estate, fraudulently procured an order of discharge. It is further alleged, in this connection, that the wilful failure of Pollock to take possession of his intestate's assets and administer the same constituted a breach of his bond, for which both he and the surety on his bond were liable in damages. It was urged in the court below, and insisted here, and this order of discharge was a bar to the present action. If obtained by a fraud practiced upon the ordinary, however, as alleged, we think not. Indeed, section 3511 of our Civil Code expressly declares that a discharge obtained by an administrator under such circumstances is void. See also *Christian* v. *Westbrook*, 75 *Ga.* 852. Nor is it necessary to make a motion in the court of ordinary to set aside such an order, as a condition precedent to bringing an action such as

the present proceeding. On the contrary, a court exercising equity jurisdiction would have power to decree that such order be vacated, upon proof that it was fraudulently procured. Civil Code, §§ 3987, 5370.

As the present proceeding was instituted within three years from the granting of the order of dismissal, certainly the same could not operate as a bar to the action. Civil Code, § 3764.

4. Again, it was insisted by the defendants, that as no administration upon the estate of Mrs. Bates had been had prior to the order of dismissal, and as she was not at that time in life, there was no one with whom Pollock could make settlement for her share of the estate he represented, and therefore there had been no breach of his bond. In reply to this contention, it may be remarked that under the allegations of the plaintiff's petition, Pollock committed a breach of his bond by falsely representing that he had fully administered the estate and fraudulently procuring his discharge accordingly. In fact, a previous breach had been committed in wilfully neglecting to take any steps whatever to reduce to his possession, as administrator, the assets of his intestate's estate. Furthermore, his fraudulent conduct in permitting and assisting the surety on his bond to appropriate these assets under a pretended claim of right practically amounted to a conversion on his part of trust property.

5. Prior to the filing of the present suit, J. W. Bates had, in his individual capacity, applied for letters of administration de bonis non upon the estate of Mrs. Pollock; and, upon a caveat interposed by Pollock to this application, the issue was raised as to whether, in point of fact, the property now in controversy really belonged to her at the time of her death and constituted a part of the estate to be administered. The issue was decided adversely to Bates; but surely it can not be seriously insisted that this adjudication estopped him, in his representative capacity as the temporary administrator on the estate of Mrs. Bates, from instituting the present proceeding and therein asserting her right to force the defendants to a trial upon the same issue.

*Judgment affirmed. All the Justices concurring.*