### 10611. BOATRIGHT *v.* EASON, guardian.

LUKE, J. 1. The city court of Blackshear has jurisdiction of the trial of proceedings to evict a tenant holding over. See Acts 1911, p. 211; *Dorough* v. *Morris,* 21 *Ga. App.* 477 (94 S. E. 641), and cases cited.

2. The proceeding authorized by section 5382 et seq. of the Civil Code (1910) is not for the trial of title to land. The sole purpose of this section is a determination of the right of possession between one claiming to be a landlord, on one side, and a person claimed by him to be his tenant, on the other side. See *Jordan* v. *Jordan,* 103 *Ga.* 483 (30 S. E. 265) ; *Bullard* v. *Hudson,* 125 *Ga.* 393 (54 S. E. 132) ; *Grizzard* v. *Roberts,* 110 *Ga.* 41 (35 S. E. 291) ; *Willis* v. *Harrell,* 118 *Ga.* 906 (45 S. E. 794).

3. Questions of law not raised in the trial court can not be raised here for the first time.

(*a*) The warrant in this case was proceeding in the name of a guardian for his ward, and issue was joined by the defendant as such; and the point can not for the first time be raised here, by the brief of the plaintiff in error, that the guardian did not introduce in evidence his letters of

guardianship; no such question having been raised by plea in the trial court as would put the plaintiff in the court below to such proof. See *Hazelhurst* v. *Morrison*, 48 *Ga.* 397; *Western & Atlantic Railroad Co.* v. *Harris*, 128 *Ga.* 394 (57 S. E. 722).

4. The trial judge, who by agreement heard the case without the aid of a jury, did not err in rendering judgment in favor of the plaintiff.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*

DECIDED NOVEMBER 5, 1919.

Eviction; from city court of Blackshear—W. A. Milton, judge pro hac vice. March 20, 1919.

*W. W. Bennett,* for plaintiff in error.

*Memory & Memory,* contra.