20272. PAULK, administrator, *v.* ROBERTS, guardian, *et al.*

STEPHENS, J. 1. Where a citation to appear before the ordinary for a settlement of his accounts, as provided in section 4073 of the Civil Code of 1910, was issued against an administrator, at the instance of parties describing themselves as guardians of designated minor heirs at law of the intestate, no question as to the right of the guardians to receive the minors' share of the estate was presented, where neither in the proceedings before the ordinary nor in the proceedings on appeal to the superior court was such right of the guardians brought into question. See, in this connection, *Hazlehurst* v. *Morrison*, 48 *Ga.* 397; *Western & Atlantic Railroad Co.* v. *Harris*, 128 *Ga.* 394 (57 S. E. 722); *Boatright* v. *Eason*, 24 *Ga. App.* 364 (100 S. E. 764).

2. An administrator has no right to invest in real estate funds belonging to the estate without first having obtained an order from the judge of the superior court authorizing the investment. Civil Code (1910), §§ 3064, 4008. Where an administrator, in answer to a citation to appear before the ordinary for a settlement of his accounts, alleged that funds belonging to the estate were invested by him in real estate, the burden was upon him to show that the investment was legally made after an order of the judge of the superior court, authorizing the investment, had been obtained. In the absence of evidence to this effect on the hearing of the issue formed upon the administrator's answer to the citation, it was not error to find the administrator liable to the heirs of the estate for the money belonging to the estate which the administrator had invested in real estate. This is true notwithstanding the administrator, in investing the money in real estate, acted in good faith and with the approval of the ordinary, and that the minors received the benefit of the investment by enjoying and using the real estate as a home. See, in this connection, *New York Life Ins. Co.* v. *Gilmore*, 40 *Ga. App.* 431 (149 S. E. 799). The administrator, who became the guardian for the minors, can not justify his act upon the ground that it was an investment of the corpus of the estate for the minors' maintenance, made with the approval of the ordinary. While an administrator or a guardian may, with the consent of the ordinary, apply the corpus of a minor's estate to the minor's maintenance and education (Civil Code (1910), §§ 3060, 4007), the expenditures out of the corpus of the estate for the minor's maintenance and education, which the administrator or guardian is authorized to make with the approval of the ordinary, are not expenditures represented by an investment of the minor's funds in real estate, although the real estate is used for and devoted to a home for

the minor. The investment of a minor's funds in real estate can be legally made by his guardian only with the approval of the judge of the superior court; and where made without this approval, the investment can not, even with the ordinary's approval, be justified as a legal encroachment upon the corpus of the minor's estate for his maintenance and education. See, in this connection, *Sturgis* v. *Davis*, 157 *Ga.* 352 (121 S. E. 318); *Little* v. *West*, 145 *Ga.* 563 (89 S. E. 682); *Burke* v. *Mackenzie*, 124 *Ga.* 248 (52 S. E. 653). The minors, being non sui juris, were incompetent to consent. Civil Code (1910), §§ 4232, 4233.

3. This case, which was on appeal to the superior court, having arisen out of a citation brought by heirs at law, some of whom were minors represented by guardians, against an administrator for a settlement of his accounts, and the inference being authorized, from the evidence, that the administrator, without the consent of the heirs at law of the estate who were sui juris, and also without the authority of an order from the judge of the superior court, had invested funds which belonged to the estate in real estate which the minors afterwards enjoyed as a home, it was not error, on any ground insisted upon, for the judge of the superior court to sustain an auditor's report in which the defendant as administrator was found liable to account to the heirs at law for the funds of the estate which had been invested by him in real estate, and to enter judgment accordingly against the defendant

*Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*

DECIDED SEPTEMBER 20, 1930.

*Breen, Finch & Padgett, Philip Newbern,* for plaintiff in error. *McDonald & McDonald,* contra.