BAILEY, guardian, *et al. v.* McELROY.

No. 12642. APRIL 12, 1939.

*George W. Westmoreland,* for plaintiffs in error.
*Joe Quillian,* contra.

REID, Chief Justice. The present action is not an "equity case" which falls within the jurisdiction of this court, as fixed by art. 6, sec. 2, par. 5, of the constitution (Code, § 2-3005); and therefore it must be transferred to the Court of Appeals. Code, §§ 24-3609, 24-4527. On December 21, 1937, John McElroy filed the suit in the superior court against Mrs. Frank Bailey and C. T. Cook, alleging that on February 1, 1937, Mrs. Bailey was appointed guardian of Brunell Bailey; that on said date she executed a bond as required by law, signed by Cook as surety; that on October 22, 1937, the plaintiff obtained a judgment against Brunell Bailey in a damage suit against him, in the principal sum of $425, together with interest at seven per cent., and costs of the suit; that Mrs. Bailey, though repeatedly called on to do so, failed and refused to pay said judgment; that Mrs. Bailey as guardian received $500 as the entire estate of said ward; and that she "has, without any order of any court, encroached upon the corpus of the $500, and has spent

all or practically all of it, without any order from any court, illegally and in violation of her bond." The plaintiff prayed for judgment against the defendants in the amount of the judgment held by the plaintiff against the ward. The defendants filed answers denying liability, and filed demurrers in substance as follows: (a) that said petition sets out no cause of action; (b) that it "shows upon its face that the money trying to be reached is trust money and can only be paid by order of court of ordinary, or for the maintenance or education of the ward." On October 31, 1938, the defendants amended their answers, and alleged that on the first Tuesday in February, 1937 [1938?] Mrs. Bailey made her annual return to the court of ordinary, showing "a proper accounting of all funds coming into her hands as guardian," which return was approved by the ordinary on March 7, 1938. A copy of this return, showing expenditures for various purposes of the entire estate of the ward, with order of the ordinary approving same, was attached as an exhibit. The judge, by agreement without the intervention of a jury, entered judgment in favor of the plaintiff for $397.10, holding that said return showed upon its face illegal and unlawful expenditures of the estate of the ward in said amount, which the ordinary was without authority to approve. Exceptions were taken to that judgment and to the overruling of the demurrers.

While a court of equity may set aside a judgment of the court of ordinary for fraud, accident, or mistake, such is plainly not the character of the present action. *Mobley* v. *Mobley,* 9 *Ga.* 247 (3); *While* v. *Roper,* 176 *Ga.* 180 (2) (167 S. E. 177); *McArthur* v. *Matthewson,* 67 *Ga.* 134 (4); *Wallace* v. *Walker,* 37 *Ga.* 265 (92 Am. D. 70); *Pollock* v. *Cox,* 108 *Ga.* 430 (2) (34 S. E. 213); *Pass* v. *Pass,* 98 *Ga.* 791 (25 S. E. 752); *Morris* v. *Johnstone,* 172 *Ga.* 598 (8) (158 S. E. 308). The present suit is simply a common-law action to recover a money judgment against a guardian and the surety on her bond, wherein the defendants set up as a defense the judgment of the court of ordinary approving the annual return of the guardian which showed the expenditure of the entire estate by the guardian. The legal effect of this judgment on the plaintiff's right to recover was involved. There were no pleadings invoking the equitable jurisdiction of the court to set aside the judgment, nor was the case presented one which otherwise

42

authorized or called for the exercise by the court of its powers as a court of equity. It was the contention of the plaintiff that the annual return of the guardian showed on its face expenditures for purposes other than "the education and maintenance of the ward," as authorized by law (Code, § 49-202; *Sturgis* v. *Davis,* 157 *Ga.* 352 (2), 121 S. E. 318; *Paulk* v. *Roberts,* 42 *Ga. App.* 79, 155 S. E. 55); and that in so far as the judgment of the ordinary attempted to approve such expenditures it was void and therefore constituted no defense to the action. The judge so held. The bill of exceptions recites that this court has jurisdiction, because "the decree complained of nullifies, cancels, and voids a decree rendered by the court or ordinary." The case is

*Transferred to the Court of Appeals. All the Justices concur.*