27713. BAILEY, guardian, *et al. v.* McELROY.

DECIDED NOVEMBER 29, 1939. REHEARING DENIED DECEMBER 15, 1939.

*George W. Westmoreland,* for plaintiffs in error.
*Joe Quillian,* contra.

BROYLES, C. J. Only the second headnote needs elaboration. On December 21, 1937, John McElroy brought a suit in the superior court against Mrs. Frank Bailey and C. T. Cook, in which he made the following allegations: On February 1, 1937, Mrs. Bailey was appointed and qualified as guardian of Brunell Bailey; on the same day she executed the bond required by law and Cook signed the same as surety; on October 22, 1937, the plaintiff secured a judgment against Brunell Bailey in an action for damages in the principal sum of $425 together with interest at 7 per cent., and costs; Mrs. Bailey refused to pay said judgment, though repeatedly called on to do so; she, as guardian, received $500 as the entire estate of said ward, and has encroached on the corpus of the estate and spent all or practically all of the $500 without an order from any court, illegally and in violation of her bond. The plaintiff asked for judgment against the defendants in the amount of the judgment held by him against the ward. The defendants in their answer denied liability and alleged that on the first Tuesday in February, 1937 (1938?), Mrs. Bailey filed her annual return as said guardian to the court of ordinary, showing a proper account-

ing of all funds coming into her hands as guardian, and that the return was approved by the ordinary on March 7, 1938. A copy of the return, with the order of approval, was attached as an exhibit to the answer. After the introduction of documentary evidence, the court, sitting without the intervention of a jury, entered judgment in favor of the plaintiff for $397.10, holding that said return showed on its face illegal and unlawful expenditures of the estate of the ward in that amount, which the ordinary was without authority to approve. To that judgment the defendants excepted.

This case was first transmitted to the Supreme Court on the supposition that it was a case in equity. However, that court transferred it to this court, holding that it was merely an action at common law to recover a money judgment, and that there were no pleadings invoking the equitable jurisdiction of the court to set aside the judgment of the ordinary approving the return, "nor was the case presented one which otherwise authorized or called for the exercise by the court of its powers as a court of equity." *Bailey* v. *McElroy,* 188 *Ga.* 40 (2 S. E. 2d, 634).

Code, § 49-202, provides: "Every guardian shall be allowed all reasonable disbursements and expenses suitable to the circumstances of the ward committed to his care. The expenses of maintenance and education must not exceed the annual profits of the estate, except by the approval of the ordinary previously granted. The ordinary may, in his discretion, allow the corpus of the estate, in whole or in part, to be used for the education and maintenance of the ward." And in *Sturgis* v. *Davis,* 157 *Ga.* 352 (1-b) (121 S. E. 318), the Supreme Court held: "One of the modes of giving the ordinary's consent to the expenditure of more than the annual profits of the ward's estate, for the expenses of maintenance and education, is by approving the regular annual returns of the guardian when the returns show on their face that the expenses have exceeded the income." In the instant case the undisputed evidence is that the return of the guardian showing that she had expended all of the funds of the estate was approved by the ordinary, and that this approval of the ordinary had never been questioned until it was collaterally attacked in the superior court in this common-law action. Moreover, the return of the expenditures does not show on its face that the expenditures were not for such items as could be allowed for the maintenance or education of the ward.

In our opinion, conceding that a judgment of the court of ordinary can be attacked collaterally in the superior court for fraud, accident, or mistake, the judgment can be set aside only where the superior court is exercising its powers as a court of equity; and, as said by the Supreme Court in this case, such exercise was not called for or authorized by the pleadings, and the case proceeded as a common-law action. The judgment of the court of ordinary, having jurisdiction over the person and subject-matter, can not be attacked collaterally in any other court for irregularity, and in all courts is to be held as a valid judgment until it is reversed and vacated. However, a court of equity may set aside a judgment of the court of ordinary for fraud, accident, or mistake. *Mobley* v. *Mobley,* 9 *Ga.* 247; *McArthur* v. *Matthewson, 67 Ga.* 134 (4); *Wallace* v. *Walker, 37 Ga.* 265 (92 Am. D. 70); *Pass* v. *Pass,* 98 *Ga.* 791 (25 S. E. 752); *Pollock* v. *Cox,* 108 *Ga.* 430 (34 S. E. 213); *Morris* v. *Johnstone,* 172 *Ga.* 598, 608 (158 S. E. 308); *White* v. *Roper,* 176 *Ga.* 180 (2) (167 S. E. 177). Under the above-cited decisions, and the facts of the instant case (which was an action at common law), the court was without authority to set aside the judgment of the court of ordinary approving the return of the guardian. We have not found, and able counsel for the defendant in error has not cited, any case holding that such a judgment can be attacked collaterally in any court other than a court of equity.

*Judgment reversed. MacIntyre and Guerry, JJ., concur.*

### ON MOTION FOR REHEARING.

In the motion for rehearing it is contended that the judgment of the ordinary approving certain expenditures set forth in the annual return of the guardian was void for the reason that the return shows on its face that the expenditures were not for the maintenance or education of the ward. In answer to this contention, we have added on page 4 of the opinion the following sentence: "Moreover, the return of the expenditures does not show on its face that the expenditures were not for such items as could be allowed for the maintenance or education of the ward." *Rehearing denied.*