EXECUTORS OF LAWSON & LAWSON, plaintiff in error, *vs.* ADMINISTRATOR OF J. W. GRUBBS, defendant in error.

When it appears from the bill that the complainant has a judgment at law for the amount of his debt, he has an adequate remedy by levy and sale of the property, and equity will not assume jurisdiction to enforce, by a decree, the collection of a judgment already obtained where the allegations set up the insolvency of the parties merely, as the process of the Court upon the judgment at law is the proper remedy; and a demurrer to such bill on the grounds stated ought to have been sustained.

Equity. Injunction. Before Judge TWIGGS. Burke Superior Court. May Term, 1871.

The case is reported in th e opinion.

E. F. LAWSON; J. S. HOOK and S. H. CORKER, for plaintiffs in error.

Lawson and Lawson *vs.* Grubbs.

A. R. WRIGHT; JOHN T. SHUMATE, for defendants.

LOCHRANE, Chief Justice.

James W. Grubbs, in his lifetime, in the year 1858, sold a tract of land to R. R. Lawson for $5,947 00, taking his notes, with A. J. Lawson, his father, as security. R. R. Lawson died intestate, leaving a wife and several children, and A. J. Lawson died testate. The notes remain unpaid, except $1,500 00 paid thereon in 1863. Grubbs brought suit against the representative of the estate of R. R. Lawson, and the executors of A. J. Lawson, and obtained judgment for the debt.

The question before the Court arises upon the bill filed by Grubbs, in which the above facts appear, and, further, that the widow and children of R. R. Lawson have a claim for homestead in the land sold by him, and also to dower; and if either are set apart that the balance left will be of little or no value. He further sets up and avers in the bill that A. J. Lawson, who became the security for his son R. R., upon the notes given for the purchase-money of land did, by will, especially instruct his executors to pay Grubbs said claim as a part of his legacy to his son R. R. Lawson. He alleges that the said executors have given no bond, and are " in failing and insolvent circumstances," and that they have advertised the lands of the testator's estate for sale, which, he says, embraces the main part of the estate; and he further avers the estates of Alexander and Robert Lawson to be " hopelessly insolvent," and, except the estate of Alexander J. Lawson, is subjected to the payment of his *fi. fa.*, he fears the loss of the whole or greater part thereof. He prays injunction, etc., which was granted by the presiding Judge. To this bill the defendants demurred upon three grounds: 1st. That there was no equity in the bill. 2d. That the bill seeks to confer upon the testator a power which, under the facts of the case, is denied him by law, to-wit: the power of

preferring a creditor.   3d. That the complainant has a full and complete remedy at law.   Upon the hearing, the Court overruled the demurrer, and this judgment we are called on to review.

Under the facts presented by the bill the complainant has a full and adequate remedy at law.   It appears that he has obtained judgment against the representatives of both estates of A. J. and R. R. Lawson, and he can levy his *fi. fa.* upon either, and, by the process of the Court, recover what may be subject to the lien of his judgment, and there is no special ground alleged for the interposition of a Court of equity. The judgment of the Court, therefore, under the facts, we hold to have been error.

Judgment reversed.