MALONE, trustee, *et al.* *vs.* BUICE.

When lumber is sold by the owner of a steam saw-mill, with an understanding that the same is to be used in erecting a building upon particular premises, he not knowing that the premises are trust property, but believing them to be the individual property of the purchaser, but the purchaser in fact holding the title as trustee, and the building is accordingly erected, and is beneficial to the trust estate, adding to the permanent value thereof, and increasing the yearly rents and profits, and the trustee is personally insolvent, so that no remedy against him in his individual capacity would be available, equity will appropriate the increased rents of the premises to the payment of the purchase money of the lumber; and, to that end, a receiver may be appointed to rent out the property and divide the rents between the creditor and the trustee, on the basis prescribed by the verdict and the decree, the object being to pay the creditor, not out of the corpus of the trust estate, nor out of the rents which the property would produce without the new building, but only out of the enhanced rents resulting from the use of the building, the trust estate having paid nothing for the material or the erection.

Equity.    Injunction and receiver.    Trusts.    Before Judge HILLYER.    Fulton Superior Court.    October Term, 1877.

The bill in this case was filed by Buice, the owner of a steam saw-mill, against Malone, trustee, and the *cestui que*

*trust,* who was made a party by guardian *ad litem.* The scope of the pleadings and evidence appears sufficiently from the head note. The jury returned the following verdict:

"We, the jury, find for the complainant $275.04, with interest from September 2, 1874, to be paid from rental of property in dispute, after paying T. J. Malone, trustee, $7.00 a month for rent of old buildings. Property to be returned to T. J. Malone, trustee, after M. Buice has been paid as above stated, in good order as it is at this time."

The chancellor decreed accordingly, appointing a receiver to effectively carry out the provisions of the verdict.

A motion for a new trial was made, because the verdict was contrary to law and evidence, because of error in the charge, and because of refusal to charge. The court charged the principle stated in the head-note, and refused to instruct the jury to the contrary. The motion was overruled and defendants excepted.

*W. L. Calhoun,* for plaintiff in error, cited Hill on Trustees, 606–685; 4th Grat., 482; 8th Paige, 104 ; Code §2335 ; 9th *Ga.,* 235 ; 1st John. Ch., 27; Perry on Trusts, 477, 526.

*Abbott & Kendrick,* for defendants.

Trustees may contract, Code, §2331. Diligence, *Ib.,* §2326. Income, *Ib.,* §2334. Extent of estate, *Ib.,* §2340. Expenditures, Hill on Trust., 429, 571. Prudence, 2d Chan. Cases, 2 ; 2d Vesey, 241, 1st Wis., 286. Ratification of acts for benefit of estate, 6th Paige, 391, 10th R. I., 284. Improvements, 8th Chan. Ap. Cases, 9, 309, 2d McCord, 2141, 24th Pick., 89–96, 9th *Ga.,* 440, 39th *Ib.,* 333, 7th *Ib.* 229, 9th *Ib.,* 223, 51st, *Ib.,* 83. Income subjected, 24th *Ga.,* 58, 56th, *Ib.,* 184, 1st Sug. on Vend., 289, Story's Eq., 799–1237; 6th Paige, 390, 405, 406, 8th Wheat, 1.

BLECKLEY, Judge.

The head-note sets forth the opinion of the court, and

the reason therefor is apparent.   Compare 6 B. Monroe, 29 ; 13 Allen, 182 ; 60 Barb. 317.

Judgment affirmed.