Cook *vs.* Rainey, guardian.

One of the modes of giving the ordinary's consent to the expenditure of more than the annual profits of the ward's estate for the expenses of maintenance and education, is by approving the regular annual returns of the guardian when the returns show on their face that the expenses have exceeded the income. The Code, in sections 1824 and 1825, is not substantially different from the prior law.

Guardian and ward. Before Judge BARTLETT. Houston Superior Court. May Term, 1878.

Rainey, as guardian for certain minors, cited Cook, a former guardian, to appear before the ordinary for a settlement. The case was carried by appeal to the superior court. The evidence showed that the defendant had accounted for every dollar received by him, and the sole material question made, was whether he was liable for the amount exceeding the income which he had expended, on account of his failure to obtain orders from the ordinary. It was insisted on his part that as his annual returns showed on their face that his expenditures exceeded the income, and these returns were approved and ordered to record, such facts constituted authority from the ordinary. The testimony disclosed that his expenditures were reasonable and necessary. The jury found for the plaintiff $167.75. The defendant moved for a new trial because the court erred in charging the following propositions, and in refusing to charge to the contrary:

"He (the guardian) is not allowed to encroach upon the *corpus* of the estate in his hands for the support of the minors, without having previously acquired an order for that purpose, and the fact that he makes his regular annual returns showing that he is encroaching on the *corpus*, that these returns have been approved by the ordinary and admitted to record, is not such ratification or allowance by the ordinary as will protect him.

"The law allows the *corpus* to be used in certain cases,

but before the guardian can so appropriate the *corpus*, he must make out a petition and present it to the ordinary at a regular term of the court, and an order to so use it must be granted at a regular term, and not at chambers.

"Before Cook could encroach upon the *corpus*, he must previously get an order from the ordinary allowing the same. He must make application under the law in writing, set forth the reason why the encroachment is necessary, and this he must do each year. An order granted for more than one year would be invalid."

The motion was overruled, and defendant excepted.

Eli Warren; W. S. Wallace, for plaintiff in error.

C. C. Duncan, for defendant, cited Code §§1806, 1824; 25 *Ga.*, 696; 55 *Ib.*, 90; 29 *Ib.*, 82.

Bleckley, Justice.

Prior to the adoption of the Code, the question made in this case was settled by several adjudications. 15 *Ga.*, 451; 20 *Ib.*, 325; 29 *Ib.*, 582. It may have been the purpose of section 1824 of the Code to alter the law, but of this we are not certain, and the better ruling always is to hold the old law as still of force where repeal is doubtful. The language which raises the doubt is as follows: "But the expenses of maintenance and education must not exceed the annual profits of the estate except by the approval of the ordinary previously granted." It is certain that no tribunal but the ordinary can entitle the guardian to take credit for any part of the *corpus* expended in education or maintenance. In order for the guardian to have his disbursements allowed he must show the approval of the ordinary, in so far as they encroach upon the *corpus*. That approval must precede the allowance on final settlement, but must it precede the act of disbursing? We think not. Reading sections 1824 and 1825 of the Code together, and comparing them with the prior statutes on the same subject, we rule

that they introduce no exclusive mode by which the ordinary's consent is to be expressed, and that one of the legal modes still is by approving the regular annual returns of the guardian when the returns show on their face that the expenses have exceeded the income.

Judgment reversed.