LEWIS *v.* OLIVER.

96 260
d122 508

Construing section 1819 of the code in the light of the act of March 5th, 1856 (Acts of 1855–6, p. 145), amendatory of the act of January 15th, 1852 (Acts of 1851–2, p. 235), creditors of guardians are persons so far interested in the administration of estates committed to their care as entitles them to the same ample remedies afforded by section 3383 of the code to legatees and distributees as against executors and administrators, and by section 3385 to wards against their guardians; and therefore, upon the recovery of a proper judgment against a guardian for and on account of a debt legally incurred by him in respect of the trust estate, supported by a return of *nulla bona* upon the execution thereon issued, such a creditor is entitled to sue the guardian and the sureties upon his bond; and a declaration alleging these facts sets forth a cause of action and should not be dismissed upon demurrer.

May 15, 1895.  Brought forward from the last term.

*Certiorari.* Before Judge RONEY. Bibb superior court. April term, 1894.

Lewis brought his action in the city court of Macon against Oliver as principal and Head as security, alleging that they were indebted to him $240 with interest, on a bond made by them to the ordinary of Bibb county, conditioned that Oliver as guardian of one Moore, an orphan, should well and truly maintain, clothe and educate said orphan according to his circumstances, and should take good and lawful care of his person and property according to law; and that the indebtedness arises by reason of the following facts, which constitute a breach of the bond: On December 25, 1892, petitioner obtained a judgment in the city court of Macon against Oliver, guardian of Moore, for $245. On January 20, 1893, a *fi. fa.* was placed in the hands of the sheriff, who, being unable to find any property or effects of Oliver, guardian, and Oliver refusing to pay the judgment, on May 15, 1893, entered his return of *nulla bona* on the *fi. fa.* Copy of the bond was attached. Defendants demurred to this declaration, on the ground that there was

no cause of action set out. The demurrer was overruled, and there was a verdict in favor of Head, security, but against Oliver, guardian, for $100. On motion by Lewis, a new trial was granted.

By *certiorari* Oliver alleged that the court erred in overruling the demurrer. In the superior court Lewis objected to the manner in which the *certiorari* was brought, because brought by only one of the defendants in the suit on the bond. This objection was overruled, and the court sustained the *certiorari* and ordered the case dismissed in the court below. Lewis excepted.

RYALS & STONE, for plaintiff.

JOHN R. L. SMITH, for defendant.

ATKINSON, Justice.

Upon the questions of practice made in this case in the court below, there does not appear to have been any such assignments of error upon the judgments thereon rendered, as will authorize this court to proceed to judgment thereon; and therefore, in the consideration of this case, the court confines its inquiries to the questions of law made upon the demurrer to the declaration of the plaintiff. The record is set out with sufficient fullness in the official report to clearly indicate upon what points the court ruled, and to what propositions in the rendition of this judgment we specially address ourselves.

If this were a contest between a creditor of an estate and an executor or administrator, the question would be wholly free from difficulty, upon the provisions of the code. If it were between a guardian and his ward, no difficulty would arise. But the question is, whether a creditor of a guardian has the same remedies against him and his bondsmen as are given by section 3383 of the code to creditors as against administrators and executors. We think this question should be answered in

the affirmative. The General Assembly, by an act approved on the 15th day of January, 1852, enacted those statutory provisions which are embraced in sections 3383, 3384, 3385, 3386 and 3387 of the code. By section 3383 it is provided, that any person having a demand against an executor or administrator, upon reducing his claim to judgment as against the executor or administrator, and upon a return of *nulla bona* entered thereon by the sheriff or other officer authorized to make the same, the said party may at once proceed to sue upon the bond of the executor or administrator, and may recover judgment against the principal and his sureties in the same action; and if the principal has removed beyond the limits of this State, or has departed this life, or has no legal representative, then he may sue the sureties on his bond. Section 3385 gives the same remedy to the ward against his guardian upon his coming of age. Subsequently an act of the General Assembly was passed, and approved on the 5th day of March, 1856, being entitled "an act to explain and amend" the act of January 15th, 1852, which is heretofore referred to. In the preamble of this act it is expressly declared: "Whereas, it was the meaning and intention of the legislature, in the passage of the above recited act, to give to creditors the same ample remedy against executors, administrators and guardians as is thereby given to legatees, distributees and wards, and which was omitted to be done in said act, for remedy whereof": Then section 1 of that act provides, that when any executor, administrator or guardian shall remove beyond the State, or place himself in such a situation under the laws of this State as to render himself liable to attachment, in such case any person having claims or demands against such executor, administrator or guardian, should have the privilege to proceed immediately against him and his sureties. When the code was adopted, provisions were

made authorizing the institution of such actions against guardians whether they be absconding or not; so that section 1819 of the code provides that suit may be instituted against guardians and the sureties on their bonds in the same action, either at the instance of the ward, or a new guardian, or any other person interested, without first suing the guardian thereon. Now the creditor of an estate represented by a guardian is, to the extent of having his debt liquidated therefrom at least, interested therein; so that under section 1819 of the code, he comes squarely within that class of persons to whom the same ample remedies were intended to be extended as were provided by the act of 1856, which was amendatory of the act of 1852. Therefore, this plaintiff having reduced his claim to judgment, and having had a return of *nulla bona* entered upon the execution thereon issued, he was entitled, without more, to proceed to judgment against this guardian and the sureties on his bond; and the declaration alleging fully these substantive facts, the court erred in sustaining the *certiorari*, and in directing a dismissal of the action by the judge of the city court.

Let the judgment of the court below be *Reversed.*