## FIDELITY AND DEPOSIT COMPANY OF MARYLAND *v.* RICH & BROTHERS (two cases).

1. A guardian is not permitted by law to bind the estate of his ward by a contract for the purchase of goods on credit, even though the goods be for the use of the ward and properly classed as necessaries.
2. The surety on a guardian's bond is only prima facie bound by a judgment against the estate of the ward to which he was not a party.

3. In a suit against the principal and surety on a guardian's bond, where it affirmatively appears from the petition as amended that the alleged breach of the bond consisted of the refusal of the principal to pay a judgment against the estate of the ward, obtained in an action on open account for clothing sold the guardian for the benefit of the ward, a general demurrer to the petition should have been sustained.

Argued February 7, — Decided March 25, 1905.

Actions on bonds.　　Before Judge Lumpkin.　　Fulton superior court.　June 21, 1904.

*Rosser & Brandon*, for plaintiff in error.
*J. E. & L. F. McClelland* and *Westmoreland Brothers*, contra.

CANDLER, J.　These cases come up on exceptions to the overruling of demurrers, general and special, to the plaintiffs' petitions. They were separate suits against the principal defendant in the court below, as guardian of each of two minor children, and against the security on her bond as guardian.　As the two cases involved identical questions, they were argued together in this court, and will be so decided.　The substance of the petitions was as follows:　On a day named, Mrs. E. K. Bigby as principal, and the Fidelity and Deposit Company of Maryland as security, executed in writing a guardian's bond, payable to Hulsey, then ordinary of Fulton county, and his successors in office, in the sum of $18,000, conditioned upon the faithful performance by the principal of her trust as guardian of named minors.　There has been a breach of the bonds, in that, on a day set out, the plaintiffs obtained in the city court of Atlanta judgments against Mrs. Bigby as guardian of two of the minors for $510.72 and $223.61 respectively, besides interest and costs.　Payment of these judgments was demanded of the defendant therein, but was refused; and the executions issued thereon were placed in the hands of the sheriff for levy and execution.　The sheriff was unable to find any property upon which to levy, and made a return of nulla bona on each execution.　The judgments are unpaid, and the plaintiffs are interested in the bond within the meaning of the law for such cases made and provided.　Each petition was amended by alleging " that the said judgment was obtained against the said Ellzabeth K. Bigby as guardian, on an account for clothing and other goods sold to the said guardian for the use and benefit of her said ward, the said articles being necessaries for the said ward in her

station in life and society, and were proper and legal charges against the ward's estate." The ground of special demurrer was that the petition did not specifically set out upon what cause of action the judgment therein referred to was rendered, so that it might appear whether the cause of action was one wherein there could be a binding judgment against the estate of the ward and the surety on the guardian's bond.

The power of a guardian to make contracts binding upon the estate of his ward is strictly limited. "The guardian can not borrow money and bind his ward therefor, nor can he, by any contract other than those specially allowed by law, bind his ward's property, or create any lien thereon." Civil Code, § 2555. The contracts "specially allowed by law" do not include a contract for the purchase and sale of goods on credit, even though they be for the benefit of the ward, and properly classed as necessaries. *Poole* v. *Wilkinson*, 42 *Ga.* 540; *Howard* v. *Cassels*, 105 *Ga.* 416. Whatever the binding effect on the estate of the ward of a judgment in an action brought on such an unauthorized contract, it certainly does not conclude the surety on the guardian's bond, who was not a party to the suit, and who therefore was not bound to see that every defense possible was pleaded against it. *Bryant* v. *Owen*, 1 *Ga.* 356; *Bennett* v. *Graham*, 71 *Ga.* 211; *Gibson* v. *Robinson*, 90 *Ga.* 756 (2). It necessarily follows that where, in a suit on a guardian's bond, the petition shows on its face that the alleged breach of the bond was the refusal to pay a judgment based upon a suit on a contract not binding upon the ward's estate, the suit must fail. This case is easily distinguished from that of *Lewis* v. *Oliver*, 96 *Ga.* 260, relied on by counsel for the defendants in error. In the case cited it appeared merely that a judgment had been obtained against the estate of the ward, and that upon the execution issued thereon the sheriff had entered a return of nulla bona. Apparently the judgment was a valid lien against estate of the ward — in any event, every presumption was in favor of its validity. Here the petition as amended discloses the fact that the judgment was rendered in a suit on a contract which could not bind the estate of the ward, and consequently that there has been no breach of the bond.

In view of what is here held, it is obviously unnecessary to pass upon the special demurrer. We are of opinion that the peti-

tion as amended was fatally defective and should have been dismissed on general demurrer.

*Judgment reversed.    All the Justices concur.*