## BURKE & WILLIAMS *v.* MACKENZIE, guardian.

1. A guardian can not bind the estate of his ward by any contract other than those specially allowed by law.
2. A contract for the improvement of the real estate of the ward by the erection of buildings thereon is not one which the law authorizes the guardian to enter into and charge the ward's estate therefor.
3. Mere ignorance of the law, where there is no fraud or misplaced confidence, is not a ground for equitable relief.
4. The petition set forth no cause of action, and was properly dismissed on demurrer.

Submitted October 9,—Decided November 13, 1905.

Equitable petition. Before Judge Hammond. Burke superior court. March 25, 1905.

Burke & Williams, a partnership, brought an equitable petition, in the superior court of Burke county, against J. H. Mackenzie as guardian of L. F. Mackenzie, alleging: The defendant was guardian of his minor son, who owned an unimproved lot in Waynesboro, Ga., and defendant employed the petitioners to erect a dwelling-house thereon, the petitioners to furnish the labor and material at a price of $1,440.00, which was subsequently increased by $56.60. Petitioners erected the house, and received from the defendant from time to time various sums amounting to $1,192.37, leaving a balance due them of $304.23. Petitioners filed a lien in terms of the statute, for the balance due. The defendant filed a petition in the superior court, praying for an order authorizing him to mortgage the premises whereon the house was erected, for the purpose of improving the same, and to pay for improvements already made upon the same, which had made it capable of yielding an income. This petition was granted, and an order passed as prayed. In the meantime the defendant moved into the house built by petitioners, and occupied the same with his family, but, since the granting of the order above set out, has failed and refused to mortgage the premises and pay petitioners. Petitioners alleged their ignorance of the law which imposed a liability upon a ward's estate for contracts of a guardian only in specified instances, the insolvency of the defendant as an individual, the value of the improvements, the inadequacy of any remedy at law; and prayed for a general judgment, for the foreclosure of their lien against the property, and alternatively for a judgment against the income of the property, and that a receiver be appointed to collect the rents and apply the same to petitioners'

demand, and for general relief.   A general demurrer was sustained, and the plaintiffs excepted.

*W. R. Callaway* and *H. J. Fullbright,* for plaintiffs.
*Brinson & Davis,* for defendant.

COBB, P. J.   "As a matter of law, guardians of the property of wards are trustees, whose powers over the property of their cestui que trusts are defined by law.   Among these powers are not included the execution of a contract binding the estate of his wards."   *Howard* v. *Cassels,* 105 *Ga.* 416.   See also *Fidelity Co.* v. *Rich,* 122 *Ga.* 506.   The general rule is that trustees are not authorized to create any lien upon the trust estate, except such as is authorized by law.   Civil Code, §3186.   The guardian can not by any contract, except those specially allowed by law, bind his ward's property or create any lien thereon.   Civil Code, §2555.   It is therefore incumbent upon one seeking to charge the ward's property by a contract of the guardian to show that the claim set up by him is one which the law specially authorized the guardian to contract and bind the ward's property therefor.   The law authorizes a guardian to make contracts for labor and services for the benefit of the estate of the ward, and such contracts when made in good faith are a charge upon the estate whenever approved by the ordinary.   Civil Code, §2549.   If the claim of the plaintiffs is such that the ward's estate is chargeable therefor, it must be under the provision of law just referred to; for there is no other that our attention has been called to which has any bearing upon the subject.   The claim does not fall within the terms of this section.   The contract of the guardian for the erection of the house was not a contract for labor and services for the benefit of the ward's estate, within the meaning of that law.   The undertaking of the guardian therefore was simply an individual undertaking on his part, and the plaintiffs must look to him for payment, unless the allegations of the petition are such that the principles of equity would authorize relief to be granted either by charging the corpus of the estate, or the income or some part thereof of the property improved.   The corpus can not be charged with this claim.   It is therefore to be determined whether any portion of the income should be subjected in equity to the payment of the debt due the plaintiffs.   The plaintiffs knew that the property belonged to the ward.   Their claim of equity arose from

their ignorance of the law that the guardian could not charge the estate of the ward by a contract of the character entered into by them. Mere ignorance of the law, when there is no fraud or misplaced confidence, is no more a ground of relief in equity than such ignorance would be at law. In *Malone* v. *Buice,* 60 *Ga.* 152, there was ignorance as to a fact, that is as to who was the true owner of the property which was improved under the contract made with the trustee, the plaintiffs in that case being under the impression that they were dealing with the defendant as an individual and improving his property, when as a matter of fact he held the title as trustee. A guardian in certain instances by having his accounts approved by the ordinary may place himself in a position where he would obtain credit in a settlement with the ward for amounts paid out by him. But this does not authorize him to make contracts from which a right will accrue to the person contracted with to bring a suit subjecting the ward's estate to the payment of the debt. The case is one of peculiar hardship, but no more peculiar than any case where ignorance of the law is involved and loss results from such ignorance. The defendant was under no legal obligation to the plaintiff to obtain an order from the judge of the superior court to authorize an incumbrance to be placed upon the ward's property for the purpose of paying the debt, and equity therefore will not compel the guardian to proceed under an order thus obtained. If the guardian should see fit to act under this order it may be that in a settlement with his ward he would be entitled to credit for the amount paid thereunder to the plaintiffs; but the plaintiffs can not compel him to encumber the estate for the purpose of making the payment. The petition set forth no cause of action, and was properly dismissed on demurrer.

*Judgment affirmed. All the Justices concur.*