14480. DAVIS, trustee, *v.* STURGIS, guardian.

Nonjoinder of proper parties can not be taken advantage of by general demurrer to the petition.

In the petition in this case as amended, by which it is sought to recover from the estate of a ward for advancements of money expended by the guardian in the ward's behalf, as shown by alleged copies of the guardian's annual returns filed in the court of ordinary, which returns are alleged to have been regularly approved by the ordinary and ordered to record as proper charges against the estate, although it does not appear that an order authorizing the expenditures was obtained from the court of ordinary before the expenditures were made, a cause of action is stated; and the court erred in dismissing the petition on general demurrer.

DECIDED JULY 25, 1923.

Action for money had and received; from Morgan superior court — Judge Park. March 5, 1923.

Certiorari was granted by the Supreme Court.

The defendant demurred on the ground that the petition failed to set forth a legal claim or cause of action. The judgment on the demurrer was " that the same be and is· hereby sustained and the suit dismissed upon the ground that the ward . . is not made a proper party, as her interest is antagonistic to the interest of the guardian, defendant in said case."

*Q. L. Williford, E. R. Lambert,* for plaintiff.

*M. C. Few,* for defendant.

PER CURIAM. This case is predicated upon the following facts: Some time in 1921 Mrs. L. N. Sturgis was adjudicated a bankrupt by order of the district court of the United States. In listing her assets in the bankrupt court she failed to list $3,307.69, which her annual returns as guardian for her daughter, Maude E. Sturgis, showed that the estate of Maude E. Sturgis owed her. Davis was appointed trustee in bankruptcy for Mrs. Sturgis. Suit was filed by Davis against Mrs. Sturgis, as guardian, for the amount she as guardian owed herself individually. The allegations of the petition as amended showed that Mrs. L. M. Sturgis was the duly qualified guardian of Maude E. Sturgis; and copies of her annual returns as made to the court of ordinary from the year 1914 to the year 1921, inclusive, were attached to and made a part of the petition, and it was alleged that these returns were just and proper, showing money received by the guardian and money disbursed. It was also alleged that all disbursements as shown by the

annual returns were proper charges against the estate, and that the charges against the estate were necessary charges and were reasonable, and showed that the ward was indebted to the guardian, and that such indebtedness constituted an asset of the bankrupt which the trustee was entitled to collect. The court sustained the general demurrer interposed to the petition as amended, and it is to this judgment of the court that exception is taken.

The petition was not subject to general demurrer on the ground that the ward was not made a party to the suit. Conceding, but not deciding, that she was a necessary party, it is the settled law of this State that "a defect in a petition resulting from a non-joinder of proper parties cannot be taken advantage of by general demurrer." *Ray* v. *Pitman*, 119 *Ga.* 678 (2) (46 S. E. 849). See also *Hightower* v. *Mustian*, 8 *Ga.* 506 (3, 4); *Central Railroad Co.* v. *Collins*, 40 *Ga.* 583; *Hand* v. *Dexter*, 41 *Ga.* 454 (3).

Nor was the petition subject to general demurrer on the ground that it failed to contain an allegation to the effect that the expenditures referred to in the annual returns were made pursuant to a proper order of the court of ordinary. The Civil Code (1910), § 3068, provides: "Guardians may make contracts for labor or services, for the benefit of the estate of their wards, upon such terms as they may deem best, and all such contracts made in good faith shall be a charge upon and bind said estates whenever the same are approved by the ordinary of the county." The annual returns of the guardian, attached to the petition as an exhibit, show that a large portion of the charges upon the ward's estate were for labor and services; and it is alleged in the petition as amended that these charges were reasonable and just, and that they were approved by the ordinary and by him ordered to record. It is true that the returns show also that the guardian made expenditures and disbursements for the education and maintenance of the ward, and the petition does not contain any averment that an order from the court of ordinary was previously obtained to make such disbursements and expenditures. However, it is specifically alleged in the petition that all disbursements made by the guardian were approved by the ordinary as proper charges against the ward's estate; and, as was said by the Supreme Court in the case of *Cook* v. *Raney*, 61 *Ga.* 452, 453, "One of the modes of giving the ordinary's consent to the expenditure of more than the

annual profits of the ward's estate for the expense of maintenance and education *is by approving the regular annual returns of the guardian* when the returns show on their face that the expenses have exceeded the income." (Italics ours.) See also *Dowling* v. *Feeley, 72 Ga.* 557 (2 *a*), where it was held: "A guardian is allowed all reasonable expenses and disbursements suitable to the circumstances of his ward, but the expenses of maintenance and education should not exceed the annual profits of the estate, except by the approval of the ordinary previously given. It seems that where the trustee has acted fairly and properly without the consent of the ordinary previously given, and where prompt and regular annual returns of his actions in that behalf have been made, *the ordinary, by his approval of such returns, may ratify the action.*" (Italics ours.)

It follows from what has been said, that the petition, as amended, set forth a cause of action, and that the trial judge erred in dismissing it upon general demurrer.

*Judgment reversed. Broyles, C. J., and Bloodworth, J., concur. Luke, J., dissents.*

LUKE, J., dissenting. In my opinion the court properly sustained the general demurrer to the petition. The annual returns of the guardian, attached to the petition as exhibits, show expenditures by the guardian which cannot be binding upon the ward otherwise than by a proper order of the court of ordinary. The annual returns show advancements by the guardian to the ward without an order from the ordinary, and in this way the guardian claimed an indebtedness against the ward. Under the petition in this case the guardian herself would not be permitted to recover of the ward the alleged amount of indebtedness, there being no allegation that the expenditures referred to in the annual returns were made pursuant to an order of the court of ordinary. See *Burke* v. *Mackenzie,* 124 *Ga.* 248 (52 S. E. 653) and cases cited; *Shipp* v. *McCowen,* 147 *Ga.* 711 (95 S. E. 251); *Fidelity & Deposit Co.* v. *Rich,* 122 *Ga.* 506 (50 S. E. 338); *Williams* v. *Adam,* 94 *Ga.* 276 (21 S. E. 526).