14480.　DAVIS, trustee, *v.* STURGIS, guardian.

Under the ruling of the Supreme Court reviewing on certiorari the judgment of this court in this case (30 *Ga. App.* 655), that judgment is vacated, and the judgment of the superior court is affirmed.

DECIDED FEBRUARY 25, 1924.

Complaint; from Morgan superior court—Judge Park. March 5, 1923. See 30 *Ga. App.* 655.

*Williford & Lambert,* for plaintiff.

*M. C. Few,* for defendant.

BROYLES, C. J. A decision in this case was rendered by this court, reversing the judgment of the superior court. See 30 *Ga. App.* 655 (118 S. E. 700). A writ of certiorari was granted by the Supreme Court; and upon a hearing of the case that court reversed the judgment of this court. The headnotes of the Supreme Court's ruling are as follows:

"1.　It is the duty of a guardian to maintain and, according to the circumstances, to educate the ward.

"(*a*)　In so doing the guardian should be allowed all reasonable disbursements and expenses suitable to the circumstances of the orphan committed to his care; but such expenses must not exceed the annual profits of the estate, except by the approval of the ordinary previously granted.

"(*b*)　One of the modes of giving the ordinary's consent to the expenditure of more than the annual profits of the ward's estate for the expenses of maintenance and education is by approving the regular annual returns of the guardian when the returns show on their face that the expenses have exceeded the income.

"2.　The guardian cannot borrow money and bind his ward therefor; nor can he by any contract, other than those specially allowed by law, bind his ward's property or create any lien thereon.

"(*a*)　A contract for the improvement of the real estate of the ward by the erection of buildings and improvements thereon is not one which the law authorizes the guardian to enter into and charge the ward's estate therefor.

"(*b*)　Guardians cannot erect such buildings and improvements with their individual funds and make such expenditures a charge upon the corpus of the estate of their wards, even with the approval of the ordinary.

"(*c*)　Where a mother, who is the guardian of a minor daugh-

ter, erects buildings and other improvements upon the lands of such minor, paying therefor with her individual funds, and makes prompt and regular returns showing such expenditures, which are in excess of the income from the ward's estate, which returns are duly approved by the ordinary and which show an alleged indebtedness in favor of the guardian against the ward, a trustee in bankruptcy of the mother cannot bring an action at law, alleging the above facts, to recover from the guardian, as such, such alleged indebtedness, and charge the estate of the minor with payment thereof.

"3. The judgment of the Court of Appeals is reversed." For the full opinion see *Sturgis* v. *Davis,* 157 *Ga.* 352 (121 S. E. 318). Under the ruling of the Supreme Court the judgment formerly rendered by this court is hereby vacated; and the judgment of the superior court is affirmed.

*Judgment affirmed. Luke and Bloodworth, JJ., concur.*