WALLACE, guardian, *v.* STOVALL *et al.*

No. 12990. NOVEMBER 15, 1939.

*C. S. Baldwin Jr.*, for plaintiff in error.
*Q. L. Williford*, contra.

REID, Chief Justice. J. Frank Stovall and Mrs. Isabelle Stovall, as executrix of the estate of W. R. Stovall, filed their petition against L. D. Wallace, as guardian of Zannie Hillsman. It was alleged that the defendant was appointed and duly qualified as guardian for Zannie Hillsman, on April 1, 1932; that on June 21, 1938, the plaintiffs obtained a judgment for $613.42 against

the guardian, upon which execution had issued; that the plaintiffs made demand on the defendant for payment which was refused on the ground that he had no property belonging to his ward, liable for the payment of said judgment; that the defendant did have and now has more than $3300 in cash and bonds belonging to the ward; that at the time the demand was made the defendant had bonds of the value of more than $2000, which were subject to the plaintiffs' judgment; and that "plaintiffs have no adequate remedy at law to force or to secure an adjudication and settlement of" said judgment. It was prayed, in substance: (1) that the court order the defendant to disclose all the assets he holds as guardian, belonging to said ward, and to bring into court "all . . moneys, stocks, bonds, and assets he may have as guardian;" and that the character of said assets be determined "as to the availability and as to the liability of said assets" for the payment of said judgment; (2) that defendant be called upon to show cause why he should not pay said judgment; (3) that the court adjudicate the equities of the parties; and (4) that costs and reasonable attorney's fees for plaintiffs be required of defendant. The defendant's general demurrer to this petition was overruled. Thereafter at the hearing the judge, upon ascertaining that defendant had in his possession bonds of the value of $2000, ordered that the bonds be sold and the plaintiffs' judgment be satisfied out of the proceeds. The defendant excepted to this judgment and to the overruling of his general demurrer.

The general demurrer should have been sustained and the action dismissed. The petition in substance seeks to require a guardian to disclose and deliver up to the court all of the assets which he holds in trust, and to have the same applied by the court in satisfaction of the plaintiffs' judgment, though there is no specific prayer that the assets disclosed be applied by the court to this end. The petition fails to state a cause of action for any of the relief sought. In some States there exists a summary statutory remedy whereby a judgment creditor may examine the debtor as to his property (21 Am. Jur. 313 et seq.), but no such remedy is provided by statute in this State. No discovery appears to be necessary to enable the plaintiffs to become fully informed of the assets of the trust estate. It is to be presumed that the guardian has performed his duty and has made proper returns to the ordi-

nary, "making an accurate exhibit of all the property of his ward received by him" as required by the Code, § 49-230. No reason appears why an inspection of these returns by the plaintiffs would not fully disclose to them all of the assets of the ward. The principal object of the petition seems to be to require the defendant to produce certain cash and bonds specifically charged to be in his possession, and to have a sufficiency thereof applied by the court in satisfaction of the judgment. A court of equity will in no case intervene to grant relief, unless it affirmatively appears that the complainant has no complete and adequate remedy at law. Code, § 37-120. A judgment must generally be enforced by the usual common-law processes provided for that purpose. *Lawson* v. *Grubbs,* 44 *Ga.* 466; *Lemon* v. *Thaxton,* 59 *Ga.* 706. The plaintiffs do not allege that the defendant has no property which is subject to levy and sale, or that a return of nulla bona has been entered on the execution; nor do they allege that there are no funds being administered by the guardian which might be reached by the process of garnishment. Therefore they do not make it affirmatively appear that they can not obtain full satisfaction of their judgment by the use of the ordinary processes provided for the enforcement thereof; and for this reason the petition stated no cause for equitable relief. Whether or not, had the petition contained allegations of the above character, the plaintiffs would have been entitled to the relief sought, or whether their sole remedy would have been an action on the guardian's bond (*Lewis* v. *Oliver,* 96 *Ga.* 260, 22 S. E. 949), need not be decided. The error in overruling the general demurrer to the petition rendered the subsequent proceedings nugatory.

*Judgment reversed. All the Justices concur.*