## 54364. WIMBERLY v. MEDARIS.

SMITH, Judge.

We reverse the judgment of the trial court, as it failed to conform to the verdict.

Wimberly, the appellant, filed this action against Medaris, an uninsured motorist with whom she had had a collision. She also perfected service of process against her insurance carrier, Hartford Accident & Indemnity Company, which answered and filed a cross claim against Medaris, alleging it was entitled to subrogation for any damages Wimberly might recover under her insurance policy. The jury returned a verdict for Wimberly in the amount of $5,000 for medical expenses and $2,500 for pain and suffering. The verdict awarded Hartford no damages on its cross claim. The court, in rendering judgment, allowed Wimberly to recover only $2,500 in medical expenses and $2,500 for pain and suffering; furthermore, in its judgment, the court found for Hartford on its cross claim and awarded the company $7,500.

1. The trial court's judgment failed to conform to the verdict, and, therefore, we must reverse. "Every court has power to amend and control its process and orders so as to make them conform to law and justice, and to amend its records to conform to the truth. Code § 24-104 (6). But when founded on verdicts of a jury, and not the acts of the judge, the court may *not* amend the judgment, as was done here, so as not to follow the verdict." (Emphasis supplied.)

*Cox v. Leroy,* 130 Ga. App. 388 (203 SE2d 863) (1973). See also *Dept. of Transportation v. Kenney,* 238 Ga. 173 (231 SE2d 767) (1977).

2. The remaining enumerations of error are without merit. Therefore, the case is remanded to the trial court with direction to enter judgment conforming with the verdict.

*Judgment reversed with direction. Bell, C. J., and McMurray, J., concur.*

ARGUED SEPTEMBER 19, 1977 — DECIDED NOVEMBER 9, 1977.

*L. B. Kent,* for appellant.

*Kelly, Denney, Pease & Allison, John W. Denney, Ronald W. Self,* for appellee.