## 54936. LEIGH et al. v. FEARS et al.

SMITH, Judge.

Appellants, Leigh and Interstate Fire Insurance Company, contend that the verdict was unauthorized and excessive and that the trial court erred in admitting certain evidence, in refusing two requested charges and in entering a judgment which failed to conform with the verdict. We agree that the judgment failed to conform with the verdict, and we affirm with direction.

From June, 1971, until September, 1973, while serving as the court-appointed guardian of four of her minor grandchildren, Leigh, without a court order, expended the entire *corpus* of their estate. After her appointment in June, 1971, Leigh received on her grandchildren's behalf the lump sum of $19,994.10, proceeds from insurance. Periodically thereafter and also on their behalf, Leigh received social security payments, which totaled $4,474.20, certain welfare assistance payments and monetary contributions from the father of two grandchildren. Leigh failed to keep any records of expenditures she made on behalf of the children or otherwise, nor did she make the required, annual

accountings to the probate court. By September, 1973, the children's money was entirely depleted, and, at a hearing held during that month, the juvenile court removed Leigh as custodian of two of the children and placed custody in their father, Monroe Fears. Finally, in 1975, Leigh made an accounting, which the probate court approved. By their father, Fears, two children appealed the approval to the superior court; a jury found in their favor and awarded them $12,234.15 plus interest. Although the verdict was against Leigh only, the court entered a joint judgment against Leigh and the appellant insurance company, which had posted a surety bond so that Leigh could be appointed guardian. The evidence presented at trial showed that, almost every day and for up to twelve hours per day, Leigh gambled at card games where stakes amounted to $500; that, almost immediately after receiving the insurance proceeds and even though she and her husband had always rented their homes, Leigh bought a house in her name, and her husband bought a house in his name; that, at about the time of the house-buying spree, Leigh's husband bought her a car and a diamond ring; that Leigh would spend the children's money, in her words, whenever she "needed it" and without keeping any records; and that, when the two children involved in this appeal were returned to their father in September, 1973, they were virtually without clothing.

1. Leigh's counsel, on cross examination of Monroe Fears, introduced the topic of the juvenile court proceedings which resulted in Leigh's being removed as custodian of Fears' two children and Fears being appointed their custodian in her stead. Appellants having initiated that line of questioning, they will not be heard to complain of appellees' counsel's querying of Fears on the same topic.

2. The court properly denied the following request to charge, which, in the present factual context, was an incorrect statement of law: "I charge you that if the income from the minors' estate was insufficient, the guardian is not required to put the estate to increased expense of getting an order from court." As the Supreme Court explained in *Speer v. Tinsley,* 55 Ga. 90 (1875),

which appellants cited as precedent for their requested charge, a guardian, without a court order, cannot spend money from the *corpus* of the ward's estate. "That *corpus* is sacred, and must not be touched without leave of the ordinary." Id. p. 93.

3. Since Leigh did *not* file "regular annual returns," the court also properly denied the requested charge that "one of the modes of giving the ordinary's consent to the expenditure of more than the annual profits of the ward's estate, for the expenses of maintenance and education, is by approving the regular annual returns of the guardian when the returns show on their face that the expenses have exceeded the income." See *Sturgis v. Davis,* 157 Ga. 352 (121 SE 318) (1923).

4. Contrary to appellants' contention, there was evidence presented which showed Leigh did not properly account for the receipts and expenses of her wards' estate, and this overcame the presumption of the correctness of the probate court's decision. The jury's verdict, therefore, was authorized.

5. The verdict was not excessive. Code § 105-2015.

6. The jury was not at all instructed as to the appellant insurance company's involvement in this case. Accordingly, they returned a verdict against Leigh only. The trial court should have granted appellants' motion to correct the mistake in the judgment, which failed to conform to the verdict. Hence, this case is affirmed with the direction that the trial court vacate its judgment and enter one conforming with the verdict. *Wimberly v. Medaris,* 143 Ga. App. 805 (240 SE2d 200) (1977).

*Judgment affirmed with direction. Deen, P. J., and Banke, J., concur.*

ARGUED JANUARY 3, 1978 — DECIDED APRIL 11, 1978.

*Palmer & Krontz, J. Larry Palmer, Chris C. Howard, Jr.,* for appellants.
*William R. Parker,* for appellees.